[Cite as *State v. Gambrel*, 2014-Ohio-2520.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

STATE OF OHIO, : 

    Plaintiff-Appellee, : Case No.  13CA17

    vs. : 

JOSHUA GAMBREL, : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant. : 

_____

APPEARANCES:

COUNSEL FOR APPELLANT: Joshua Gambrel, #628-702, Ross Correctional Institution, P.O. Box 7010, Chillicothe, Ohio 45601, Pro Se

Aaron M. McHenry, Benson, McHenry & Sesser, LLC, 36 South Paint Street, Chillicothe, Ohio 45601

COUNSEL FOR APPELLEE: Keller J. Blackburn, Athens County Prosecuting Attorney, and Merry M. Saunders, Athens County Assistant Prosecuting Attorney, 1 South Court Street, 1st Floor, Athens, Ohio 45701

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURANLIZED:6-2-14
ABELE, P.J.

{¶ 1}   This is an appeal from an Athens County Common Pleas Court judgment of conviction and sentence. Joshua Gambrel, defendant below and appellant herein, pled guilty to (1) identity fraud in violation of R.C. 2913.49(B)(2), (2) two counts of misuse of credit cards in violation of R.C. 2913.21(B)(2), (3) forgery in violation of R.C. 2913,31(A), (4) two counts of

receiving stolen property in violation of R.C. 2913.51(A), and (5) theft in violation of R.C.

2913.02(A)(1).   Appellant's counsel advised us that he has reviewed the record and can discern

no meritorious claim for appeal.   Thus, pursuant to Anders v. California (1967), 386 U.S. 738,

87 S.Ct. 1396, 18 L.Ed.2d 493, counsel requests, and we hereby grant, leave to withdraw.

{¶ 2}   Although counsel's brief assigns no potential error per se, he does suggest one

issue to review that we set out as a potential assignment of error:

> "WHETHER [APPELLANT] ENTERED HIS PLEA IN A KNOWING,
> INTELLIGENT AND VOLUNTARY MANNER."

{¶ 3}   On October 19, 2012, someone burglarized the residence at 3895 Matheny Road.

Among the stolen items were a Capital One credit-card and a Lowe's credit-card.   Later,

appellant and another person were captured on surveillance video using those credit cards to

purchase approximately $2,700 in merchandise.

{¶ 4}   The Athens County Grand Jury returned an indictment that charged appellant with

the aforementioned offenses.   Although he initially pled not guilty, later he agreed to plead

guilty in exchange for sentences to total four years and for the State's agreement not to oppose

judicial release after half of the sentence is served if appellant has a "good institutional summary

report."

a. At the March 7, 2013 hearing, the trial court heard the terms of the agreement,

ascertained whether appellant understood his various rights and determined that his

pleas were voluntary.   Satisfied this was the case, the trial court accepted the pleas

and found appellant guilty.   On March 20, 2013, the trial court imposed the agreed

upon "total prison term of four years."   On July 8, 2013, we granted appellant

leave to file a delayed appeal.   The matter is now properly before us.

b.  Appellate counsel posits that in the case sub judice the only conceivable error may be that appellant's plea was not knowing, intelligent and voluntary.   Counsel continues that appellant had just learned that "his grandmother was very ill and that his niece had passed away."   Furthermore, the plea agreement provided that appellant be given "a furlough permitting him to attend his niece's funeral before reporting to prison."   Counsel concludes "[i]t is reasonable to assume that but for the tragic events unfolding [in appellant's] life that he would not have agreed to plead guilty to all eight counts."

c.  We are not unsympathetic to the death in appellant's family, or his grandmother's illness.   However, appellant's counsel cites no authority for the proposition that this scenario should render appellant's plea involuntary and we have found none in our own research.   Indeed, the only authority we have found on this issue is a Texas Court of Appeals decision that held that several family deaths, together with a learning disability and treatment with psychotropic drugs for mental illness, are insufficient to rebut a record that shows that the pleas were voluntary.   See *Taylor v. State*, TX.App. No. 05-02-01098-CR, 2003 WL 1958012 (Apr. 28, 2003).   With this in mind, we note the following exchange between trial court and appellant at the March 7, 2013 hearing:

"BY THE JUDGE: And this decision that you're reached to change your plea, pleas to each of the charges, is that decision voluntary on your part?

BY [APPELLANT]: Yes sir.

BY THE JUDGE: Nobody coerced you in any way?

BY [APPELLANT]: No sir.

BY THE JUDGE: And you understand by entering these pleas to these eight counts you are waiving or giving up your right to present those cases to an Athens County jury?

BY [APPELLANT]: Yes sir."

This excerpt reveals that appellant's plea was knowing and voluntary and we find nothing in the record to rebut that conclusion. The hearing transcript further indicates that appellant has had previous encounters with the criminal justice system and, while he may not be familiar with the particular ramifications of a guilty plea, he is generally familiar with the legal process.

    d. As to the issue of a furlough to attend his niece's funeral, prisoners do not generally have a right to a furlough to attend a relative's funeral. See *Overly v. Garmen*, U.S.D.C.PA., Civil No. 3:CV–12–0832, 2012 WL 1635099 (May 9, 2012); *Griggs v. New Jersey*, U.S.D.C.N.J. No. 11–2673 (SRC), 2011 WL 3739375 (Aug. 24. 2011). Appellant suggests in his pro se brief that he had been "threw [sic] straight hell" in view of the way his case was conducted. He further contends if not for the "tragic events" in his life, he would never have "took this deal for 4 years . . ." As we noted above, however, attendance at a relative's funeral is not a right or entitlement, the denial of which will refute the contention that a guilty plea was involuntary. Furthermore, claims of "undue" or "mental" stress, without more, have not been accepted as a basis to establish that a plea was involuntary. See *State v. Jackson*, 11th Dist. Trumbull No. 98-T-0182, 2000 WL 522440 (Mar. 31, 2000); *State v. Harris*, 2nd Dist. Montgomery No. 11051, 1989 WL 2177 (Jan. 12, 1989).

e. Accordingly, based upon the foregoing reasons, we hereby overrule appellant's

proposed assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *State v. Gambrel*, 2014-Ohio-2520.]

<u>JUDGMENT ENTRY</u>

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

**<u>NOTICE TO COUNSEL</u>**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.